# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TORCUP, INC.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-413 |
| | : | |
| **PRESCO ENGINEERING, INC.** | : | |
| | : | |

## MEMORANDUM OPINION

Henry, J. s/CH                                                                                                 May 27, 2025

This case is before me on Defendant Presco Engineering, Inc.'s ("Presco") Motion to Transfer Venue (ECF No. 11) ("Mot."). For the reasons that follow, I deny Presco's Motion. Plaintiff TorcUP, Inc. ("TorcUP") lawfully chose the Eastern District of Pennsylvania to bring its claims against Presco, and I am not persuaded by Presco's purported reasons to transfer the case to the District of Connecticut. Therefore, this case will proceed in the Eastern District of Pennsylvania.

## I. BACKGROUND

In analyzing this motion to transfer venue, I rely on the allegations in the complaint, as well as the briefing and exhibits. *See Fellner ex rel. Est. of Fellner v. Phila. Toboggan Coasters, Inc.*, No. 05-cv-2052, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005) ("The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor.").

TorcUP is incorporated in Pennsylvania and has its principal place of business in Easton, Pennsylvania. Complaint (ECF No. 1) ("Compl.") ¶ 1. TorcUP manufactures battery-powered torque wrenches called Voltas, for which it sought to develop additional and more advanced functionality. *Id.* ¶¶ 26, 28. Presco indicated it would be capable of redesigning the Volta. *Id.*

1

¶ 29.  Presco is incorporated and has its principal place of business in Connecticut.  *Id.* ¶ 2.  On April 26, 2022, TorcUP employees went to Presco's offices in Connecticut to tour Presco's facility and gauge Presco's capabilities.  *See* Plaintiff's Brief in Opposition (ECF No. 12) ("Opp.") Ex. 1 ("Kovac Aff.") ¶ 11.  Following the visit, TorcUP and Presco engaged in telephonic and email negotiations of a contract.  *Id.* ¶ 12.  On July 26, 2022, Presco sent TorcUP a work order pursuant to which Presco would perform a strategic assessment for the needs to program the Volta in return for $15,000.  *Id.* ¶ 13.  TorcUP's Special Projects Manager signed the document in Easton, and TorcUP then sent a sample Volta to Presco, as well as two $7,500 payments originating from a Pennsylvania bank.  *Id.* ¶¶ 14-16.

On October 5, 2022 Presco employees visited TorcUP's Easton plant to gather information on what would be needed for the project.  *Id.* ¶¶ 17-18.  On November 10, 2022, TorcUP employees dropped off calibration equipment at Presco's address in Connecticut.  *Id.* ¶ 19.  Throughout November, Presco and TorcUP negotiated via telephone and email the terms of the agreement pursuant to which Presco would develop software for the redesign of Volta wrenches, which resulted in a second work order that TorcUP received digitally.  *Id.* ¶¶ 20-22.  The agreement had a discounted budget of over $399,000 and provided that Presco anticipated completion in 40 calendar weeks.  Compl. ¶¶ 38, 40.  TorcUP executed the agreement on November 21, 2022 and returned it digitally to Presco.  Kovac Aff. ¶ 23.  From November 2022 through June 2024, Presco sent software for Volta to TorcUP for TorcUP to perform testing, after which TorcUP would contact Presco via phone, email, and Zoom from Easton to update them on why the software was unsatisfactory.  *Id.* ¶¶ 24-27.

On June 28, 2024, Presco visited TorcUP's Easton location, after which Presco sent additional software to TorcUP for testing.  *Id.* ¶¶ 28-29.  TorcUP notified Presco via telephone, email, or video of continued software failures.  *Id.* ¶ 32.  On September 17, 2024, a Presco

employee visited the TorcUP plant for three days to attempt to correct the software failures, which was unsuccessful. *Id.* ¶¶ 34-36.

TorcUP brought suit after Presco did not provide TorcUP with any successfully completed deliverables pursuant to the second work order after 116 calendar weeks from signing that agreement. Compl. ¶ 43. TorcUP alleges it had paid Presco a total of $415,141.12 and had also entrusted Presco with equipment to facilitate the work on the Volta wrench, valued at over $77,000, which Presco refused to return to TorcUP. *Id.* ¶¶ 45-50. The equipment remains in Connecticut. Mot. Ex. A. ("Black Aff.") ¶ 6. TorcUP brings claims for breach of contract, unjust enrichment, and conversion. Presco has moved to transfer the case to the District of Connecticut.

## II. ANALYSIS

As an initial matter, Presco does not make clear whether it concedes that the Eastern District of Pennsylvania is a venue in which this case *could* have been brought. Therefore, I will begin my analysis with whether venue is proper in the Eastern District of Pennsylvania. Finding that it is proper, I will move on to whether venue could be proper in the District of Connecticut. Since venue is *also* proper in the District of Connecticut, I will conclude with an analysis of whether transfer of venue from the Eastern District of Pennsylvania to the District of Connecticut is proper. I hold that the case should not be transferred.

### A. Whether Venue is Proper in the Eastern District of Pennsylvania

According to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as Presco can be deemed a resident of the Eastern District of Pennsylvania. 28 U.S.C. § 1391(c)(2), concerning residency, provides that

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .

Presco is such an entity with the capacity to sue and be sued. Further, Presco is subject to this court's personal jurisdiction.

Because Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States," *see* 42 Pa. Cons. Stat. Ann. § 5322(b*)*, in order to determine whether the Court has personal jurisdiction over Presco, I must ask "whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice,'" *see O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316-17 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted)).

Personal jurisdiction can be either general or specific. *O'Connor*, 496 F.3d at 317. "General jurisdiction allows a court to exercise jurisdiction over the defendant unrelated to the Plaintiff's cause of action but requires that the defendant's contacts be 'so "continuous and systematic" as to render them essentially at home in' this state." *Camber Spine Techs. v. Intermed Res. TN, LLC*, No. 22-cv-3648, 2023 WL 5182597, at *4 (E.D. Pa. Aug. 11, 2023) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A corporation is

4

considered "at home" where it is incorporated and where it has its principal place of business. *See Lawrence v. DOAR, Inc.*, No. 21-cv-3269, 2022 WL 2435619, at *1 n.1 (E.D. Pa. Mar. 31, 2022). It is "incredibly difficult" to establish general jurisdiction outside of those two places. *Id.* (quoting *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016)). Presco is incorporated and has its principal place of business in Connecticut, and TorcUP has not plead facts sufficient to show that Presco is otherwise "at home" in Pennsylvania. Therefore, I hold that this Court does not have general personal jurisdiction over Presco.

"Specific jurisdiction exists 'when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum.'" *Camber Spine Techs.*, 2023 WL 5182597, at *4 (quoting *Mellon Bank (East) PSFS, Nat'l. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)). Specific personal jurisdiction exists where (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) if the prior two requirements are met, the exercise of jurisdiction otherwise comports with fair play and substantial justice. *See O'Connor*, 496 F.3d at 317. Here, it can be said that Presco has the sufficient "minimum contacts" with the Eastern District of Pennsylvania required to establish specific jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Presco purposefully directed its activities at the Eastern District of Pennsylvania when it engaged in telephonic and email negotiations with TorcUP—which was situated in Pennsylvania—for two separate work order contracts and visited TorcUP in Easton, Pennsylvania. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482-83 (3d Cir. 1993) (holding that defendants established minimum contacts with the forum by directing communications to the forum during contract negotiation, even though defendants had never visited the forum); *Leone v. Cataldo*, 574 F. Supp. 2d 471, 478-79 (E.D. Pa. 2008) (holding that defendant had minimum contacts with the forum

after visiting the business at issue in the forum state and negotiating a contract via telephone with the plaintiff who was situated in the forum state).

The second of the work order contracts is the basis for this suit, satisfying the second prong of the specific jurisdiction test. Indeed, TorcUP brings a claim for breach of that contract. The payment pursuant to that contract and the lack of deliverables from Presco is the basis of TorcUP's unjust enrichment claim. And finally, but for the contract, TorcUP would not have sent the equipment that is the subject of the conversion claim to Presco, as the equipment was entrusted to Presco "in order to facilitate the work [it] was supposed to be doing under the [second work order]." *See* Compl. ¶ 46.

The third and final prong of the test for specific jurisdiction is also met here. To determine whether exercising jurisdiction comports with fair play and substantial justice,

> [a] court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987).

"The burden on a defendant who wishes to show an absence of fairness or lack of substantial justice is heavy." *Grand Ent.*, 988 F.2d at 483. Here, and as discussed further below, Presco has not shown that allowing the case to proceed in this Court is unfair or unjust. Presco only argues in its Motion that allowing the case to proceed in Pennsylvania is inconvenient to the parties and witnesses because "the vast majority of witnesses familiar with testing and redesign work that was performed reside in Connecticut" and the equipment that is the subject of the conversion claim is located in Connecticut. *See* Mot. at 6. I find this insufficient to show unfairness or injustice so as to rebut personal jurisdiction.

Having found, therefore, that this Court has specific jurisdiction over Presco, I now hold that Presco is considered a resident of the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(c)(2) for the purposes of determining venue, and venue is thus proper according to 28 U.S.C. § 1391(b)(1).

### B. Whether Venue is Proper in the District of Connecticut

Determining whether venue is proper in the District of Connecticut is much simpler. Venue is proper in a judicial district in which any defendant resides. *See* 28 U.S.C. § 1391(b)(1). Presco resides in Connecticut, as that is where it is incorporated and has its principal place of business. Therefore, venue would also be proper in the District of Connecticut.

### C. Whether Transfer of Venue is Warranted

Having found that venue is proper both in the Eastern District of Pennsylvania and the District of Connecticut, I now turn to whether this case should be transferred from this Court to the District of Connecticut. It is important to note as an initial matter that just because venue may be proper in Connecticut, that "does not undermine this district as a proper venue for the case." *Thrivest Legal Funding, LLC v. Gilberg*, No. 16-cv-03931, 2017 WL 1208064, at *6 (E.D. Pa. Apr. 3, 2017).

The transfer of venue is dictated by 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." In analyzing transfer of venue, the "plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted). The movant bears the burden of establishing the need for transfer. *Id.*

The Third Circuit has set forth public and private interest factors to consider in determining whether to transfer venue.

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id*. at 879-80 (cleaned up).

Presco argues that transfer to Connecticut would further the interests of justice because "[t]he overwhelming majority of the parties' contract was performed in the State of Connecticut; the personal property Plaintiff alleges to have been converted by Defendant is located at Defendant's facility in Connecticut; and the vast majority of witnesses familiar with testing and redesign work that was performed reside in Connecticut." *See* Mot. at 6. In Presco's eyes, TorcUP's only claim to proper venue in Pennsylvania is that TorcUP is based there and received emails and bills from Presco at its plant in Pennsylvania. *Id.* Presco states in a conclusory fashion that "[c]onvenience of the parties and witnesses, combined with the interests of justice being best served where the contract was performed and the personal property at issue is located, warrants that venue be transferred to the United States District Court for the District of Connecticut." *Id.* I am unconvinced.

TorcUP points out—correctly so—that Presco failed to consider the factors that the Court should weigh in determining whether a case should be transferred to a different venue. I will consider each of the factors in turn.

I will begin with the private factors, which I find neutral at best, but more likely lean in favor of keeping the case in this Court.

1. **Private Factor #1: Plaintiff's Choice of Venue**

The first private factor considers the plaintiff's choice of venue, which is "entitled to paramount consideration." *Infinity Comput. Prods., Inc. v. Toshiba Am. Bus. Sols., Inc.*, No. 12-cv-6796, 2018 WL 1083885, at *4 (E.D. Pa. Feb. 27, 2018); *see also Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000) ("[U]nless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed.") (internal citations omitted). This deference is especially great when the plaintiff has chosen its home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Here, the Eastern District of Pennsylvania is TorcUP's home forum because it has its principal place of business in Easton, Pennsylvania and is incorporated in Pennsylvania. This factor thus weighs heavily against transfer.

2. **Private Factor #2: Defendant's Choice of Venue**

The second private factor is the defendant's choice of venue. The defendant's preferred venue is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008) (internal citations omitted). Here, Presco would prefer to litigate in Connecticut, which weighs in favor of transfer, albeit with substantially less weight than TorcUP's preference.

3. **Private Factor #3: Whether the Claims Arose Elsewhere**

TorcUP's breach of contract claim can be said to have arisen in both Pennsylvania and Connecticut. *Leone*, 574 F. Supp. 2d at 484 ("In determining whether a substantial part of the acts giving rise to a contract claim occurred in a district, a court should consider where the contract was negotiated, executed, and performed and where the breach occurred."); *Geis Realty Grp., Inc.*

*v. AMPC Real Est. LLC*, No. 24-cv-1259, 2024 WL 4979267, at *3 (E.D. Pa. Dec. 2, 2024) ("[W]hen a business relationship is conducted via telephone or e-mail, 'it cannot be said that a substantial part of the events occurred in one location or the other; rather it is more appropriate to say that a substantial part of the events occurred in both locations simultaneously.'") (internal quotations omitted). TorcUP is a Pennsylvania company, and it sent communications from and received communications with Presco in Pennsylvania. TorcUP also remitted payment to Presco from Pennsylvania. On the other hand, Presco negotiated the contract from its location in Connecticut and performed its part of the contract, at least in part, in Connecticut. Therefore, this factor is neutral as to where the claim for breach of contract arose. The same is true for Presco's unjust enrichment claim.

Conversion claims, on the other hand, arise where the failure to return items occurred. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). Here, that is in Connecticut. This factor thus weighs in favor of transfer as to the conversion claim.

4. **Private Factor #4: Convenience of the Parties**

TorcUP correctly points out that Presco has not presented any evidence to show that—physically or financially—they would be inconvenienced in the Eastern District of Pennsylvania. It appears that, if the case proceeds to trial in either of the fora, one party or the other is going to have to travel. Presco has shown no reason to shift this burden of travel expenses from itself to TorcUP. This factor is therefore neutral. *See Fellner*, 2005 WL 2660351, at *4 (holding that the convenience of the parties factor was neutral where "the inconvenience and expense of traveling to an alternate forum for discovery and trial exists for all parties"); *Alers v. Pa. Higher Educ. Assistance Agency*, No. 20-cv-2073, 2022 WL 3722085, at *5 (E.D. Pa. Aug. 29, 2022) (holding that the convenience of the parties factor weighed in neither party's favor where "[n]either

10

Plaintiffs nor Defendants . . . made any claims around financial conditions that would prevent them from attending or participating in a trial in either" of the forums at issue).

5. **Private Factor #5: Convenience of the Witnesses**

Finally, Presco has stated in a conclusory fashion that "the vast majority of witnesses familiar with testing and redesign work performed reside in Connecticut." Mot. at 6. But this is insufficient to convince me to transfer the case to Connecticut. Mere conclusory statements that witnesses will be inconvenienced are insufficient; the defendant must support its motion with some type of evidence that the witnesses will be inconvenienced. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 n.2 ("Examples of such documents would be a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate."); *Byrd v. Johnston*, No. 07-cv-2963, 2007 WL 4373047, at * 6 (E.D. Pa. Dec. 14, 2007) (holding that the defendant did not demonstrate inconvenience to the witnesses when defendant did not specifically identify any witnesses, did not say anything about the hardship the witnesses would suffer from having to testify in the current forum, and did not allege that their witnesses would be unavailable or unwilling to testify in the current forum); *Thrivest Legal Funding, LLC*, 2017 WL 1208064, at *8 ("To show inconvenience to witnesses, [the moving party] must provide documentation of the names and addresses of witnesses he plans to call, the materiality of the matter to which they will testify and information about the costs of travel for those witnesses."). And the Court considers the convenience of the witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879.

Plaintiff correctly points out that Defendant did not provide any further information to allow me to determine whether any witnesses would actually be unavailable—or at a minimum, inconvenienced—if the case proceeds in the Eastern District of Pennsylvania.

### 6. Private Factor #6:  Location of Books and Records

The Court considers the location of books and records "to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879.  This factor "may be of limited significance" in the Section 1404(a) analysis because of "modern document imaging technology." *Byrd*, 2007 WL 4373047, at *6; *see also Camber Spine Techs.*, 2023 WL 5182597, at *7 (holding that this factor did not weigh in favor of transfer when defendant did not identify any books or records that could not be produced in the original forum or that could not be made available electronically).  Plaintiff correctly points out that Defendant did not offer any evidence that it would not be able to produce relevant documents in the Eastern District of Pennsylvania.  *See* Opp. at 16.

I next turn to the public interest factors.  Although Defendant did not reference these factors in its briefing, I will briefly consider them.

### 1. Public Factor #1:  Enforceability of Judgment

Because neither party argues that a judgment in either forum would be unenforceable, I could choose not to give this factor any weight in my analysis. *See Lannett Co. v. Asherman*, No. 13-cv-2006, 2014 WL 716699, at *9 (E.D. Pa. Feb. 24, 2014) (declining to give this factor weight where neither party contended that judgment would be unenforceable in either forum).  That being said, "[i]t is widely recognized that 'unlike enforcing judgment in a foreign country, . . . there is little significant difference in enforcing a judgment in one federal forum than another.'" *Sparkler v. Home Infusion Sols., LLC*, No. 13-cv-3969, 2013 WL 6476501, at *6 (E.D. Pa. Dec. 9, 2013)

(internal citations omitted). Taking this into consideration, I find that this factor does not weigh in favor of transfer.

2. **Public Factor #2: Practical Considerations**

The second public factor "examines the practical considerations that would make the trial easy, expeditious, or inexpensive." *Alers*, 2022 WL 3722085, at *5. But because "the burdens of geographic distance are minimized by contemporary technology," I find that this factor does not weigh in favor of transfer either. *See Thrivest Legal Funding, LLC*, 2017 WL 1208064, at *9. Even though Presco asserts that the property at issue and the witnesses who worked on redesign of the wrenches are all situated in Connecticut, it does not state with any particularity which witnesses would be unavailable or burdened by litigation in Pennsylvania. This is insufficient to convince me that transfer is warranted. *See id.* (holding that the fact that the defendant did not identify any reason particular witnesses would be unavailable or burdened by litigation in the original forum "minimize[d] the comparative expediency of litigating in" the venue defendant sought transfer to).

3. **Public Factor #3: Court Congestion**

Presco has presented no evidence to show that the District of Connecticut is any less congested than this Court. As of December 31, 2024, there were 2,043 cases pending in the District of Connecticut and 8,503 pending in the Eastern District of Pennsylvania. *See* Federal Judicial Caseload Statistics, Table C: District Courts – Civil Cases Filed, Terminated, and Pending During the 12-Month Periods Ending December 31, 2023 and 2024, available at https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables. However, there are only eight Article III District Judges in the District of Connecticut and twenty-two in the Eastern District of Pennsylvania. I thus find that the Eastern District is not so congested as to warrant transfer.

4. **Public Factor #4: Local Interest**

This factor is neutral when both fora have an interest in the litigation and the dispute might be said to have arisen in either state. *Thrivest Legal Funding, LLC*, 2017 WL 1208064, at *10. Here, I find that this factor is neutral because both fora could reasonably have an interest in this litigation. *See Desouza v. Blender*, No. 93-cv-6706, 1994 WL 105536, at *4 (E.D. Pa. Mar. 28, 1994) ("We do not believe that either community has significantly more interest in the proceedings than the other, because the allegedly injured party resides in the Eastern District of Pennsylvania and yet the defendants and the property at issue are both in the District of Colorado. Both communities both have a tangible relationship with the litigation.").

5. **Public Factor #5: Public Policies of the Fora**

Neither party has briefed this issue, and I decline to speculate as to the public policies of each of the fora with respect to this issue. When neither party argues this issue and "[t]he Court is unable to identify any particular public policies from either state that militate in favor of a transfer of venue," this factor is neutral. *See Thrivest Legal Funding, LLC*, 2017 WL 1208064, at *10.

6. **Public Factor #6: Familiarity with State Law**

Again, as neither party has briefed this issue and I see no reason that either this Court or the District of Connecticut would be incapable of applying the applicable state law (which I do not determine now, as the parties have not stated whether there is a choice of law provision in the contract at issue), I find this factor neutral.

Ultimately, even though this case could have been brought in the District of Connecticut, I hold that Presco has not brought forth sufficient facts to show that the interests of justice would be better served in Connecticut than here in the Eastern District of Pennsylvania.

## III.     CONCLUSION

      For the reasons discussed more fully above, Presco's Motion to Transfer Venue is denied. The case will proceed before this Court.